**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **BUDDY WHITLOW,** § | |
| **INDIVIDUALLY AND ON BEHALF** § | |
| **OF ALL OTHERS SIMILARLY** § | |
| **SITUATED,** § | |
| § | **CIVIL ACTION NO. 2:22-cv-131** |
| § | |
| **VS.** § | **COLLECTIVE ACTION** |
| § | **29 U.S.C. §216(b)** |
| § | **JURY DEMANDED** |
| § | |
| **CUTTER & COMPANY, LLC** § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**INTRODUCTION**

1. Pursuant to 29 USC § 207 ("FLSA"), the named plaintiff alleges violations of his statutory employment right to receive overtime pay from Defendant, Cutter & Company, LLC (Hereinafter "Cutter & Co.") as a result of Defendants' failure to pay Plaintiff and all those similarly situated workers overtime wages. Pursuant to 29 USC § 216 (b), the named plaintiff also seeks to represent all other similarly situated past and present employees, as described herein, who have not been paid overtime and to have this action certified as a collective action. For himself and all those similarly situated, the named employee seeks his unpaid overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

2. Plaintiff also seeks relief individually for damages and equitable relief under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*.

## PARTIES

3. Plaintiff, Buddy Whitlow, is a resident of Beckville, Panola County, Texas. The Plaintiff brings this action individually in his own behalf and, pursuant to §216(b) of the Fair Labor Standards Act, as a representative of a class of individuals who are similarly situated and who have suffered the same or similar damages. Whitlow also seeks relief under the ERISA statute.

4. Cutter & Company, LLC is a Texas limited liability company doing business in the Eastern District of Texas with its principal place of business at 5173 West Loop, Longview, Gregg County, Texas. Defendant may be served by delivering a copy of this petition to its registered agent for service, Bridget Carpenter, 401 CR 250, Beckville, Texas 75631.

## JURISDICTION AND VENUE

5. This court has jurisdiction by virtue of 28 USC §§ 1331, and 1391. The Defendant's Longview, Texas location is located within the Eastern District of Texas and the Court has subject matter jurisdiction and personal jurisdiction to hear the case. *See* 29 U.S.C. 201, et seq.

## FACTS

6. In November 2016, Plaintiff began his employment at Cutter & Co. His job at Cutter & Co. was a tow truck operator; however, the work he did for Cutter & Co. was not exempt as defined under 29 CFR part 451. Plaintiff alleges that he was paid a percentage of the revenue generated by his tow truck. The evidence at trial will show that Plaintiff was not paid overtime wages at one and one-half times his regular hourly rate for all hours worked in excess of 40 hours in a work week.

7. Plaintiff believes and, therefore, allege that the failure of Defendants to pay Plaintiff and all those similarly situated for overtime pay was intentional.

8. While employed with Cutter & Co., Plaintiff had premiums deducted from his paycheck for AFLAC premiums. However, Cutter & Co. stopped paying the AFLAC premiums in February 2021, consequently Plaintiff lost the AFLAC coverage. In December of 2021, Plaintiff underwent a back surgery for which he should have been entitled to receive benefits under the AFLAC policy. By virtue of Cutter & Co.'s failure to pay the AFLAC premiums, Plaintiff was unable to collect the AFLAC benefits to which he should have been entitled.

## CLAIMS

### *First Claim for Relief – FLSA*

9. The Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.) is commonly referred to as "FSLA." Among other things, the FSLA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce. Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated for all hours worked is a direct violation of the FLSA statutes and regulations. Additionally, Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated one and one-half his regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and regulations. Plaintiff and all those similarly situated are entitled to receive the unpaid wages due him, liquidated damages, costs, and attorneys' fees.

## COLLECTIVE ACTION

10. Pursuant to 29 U.S.C. § 216 (b), Plaintiff Buddy Whitlow brings this action in his individual capacity and as a collective action. As alleged in detail elsewhere herein, Plaintiff Whitlow seeks this court's appointment and/or designation as representative of a class of similarly situated employees of Cutter & Co. who were not paid for all overtime hours worked as described herein. On information and belief, there are numerous tow truck drivers who were not paid for all overtime hours worked for Cutter & Co. as described herein. The questions of law and fact are

common to the class of similarly situated employees. The failure to pay its employees for the overtime hours worked was common to all of Cutter & Co. tow truck drivers.

11. Whitlow specifically requests that he be permitted to serve as a representative of the affected class, and this action should be certified as a collective action pursuant to 29 U.S.C. § 216(b).

### *Second Claim for Relief - ERISA*

12. The Plaintiff is a "participant" in an ERISA plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7). In the alternative, the Plaintiff is a "beneficiary" in an ERISA plan within the meaning of ERISA § 3(8), 29 U.S.C. § 1002(8). The AFLAC plan is an ERISA plan. Defendant failed to remit the premiums which it deducted from Plaintiff's pay thereby causing Plaintiff to lose benefits to which he was entitled. The Plaintiff wrongly has been denied the benefits to which he is entitled. Defendant's denial of benefits of under the AFLAC plan, was arbitrary, capricious, and an abuse of discretion.

13. As a result of Defendants' conduct, Plaintiff has suffered damages and losses in the past and, in reasonable probability, is expected to suffer further damages and losses in the future.

### JURY DEMAND

14. Plaintiff, individually and as a representative of the class, request a jury trial.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the class be certified, and that the Plaintiff and each member of the class recover from Defendant the following:

1. The unpaid wages due to Plaintiffs;
2. Liquidated damages authorized by the applicable statutes;
3. Unpaid wages due to all class members;
4. Liquidated damages to all class members;
5. Benefits under the ERISA plan;
6. Court costs;

7. Attorneys' fees; and
8. Such other and further relief as the Court deems just.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone/Facsimile

ATTORNEY FOR PLAINTIFF
AND THE PUTATIVE CLASS